UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
CHARLES GEORGE and LEELAWATTIE :
SINGH, *pro se*, :
 :
                   Plaintiffs, : **MEMORANDUM AND ORDER**
 : 13-CV-680 (DLI)(LB)
     -against- :
 :
PARK SHORE HEALTHCARE, LLC d/b/a :
FOUR SEASONS NURSING & :
REHABILITATION CENTER, LAW CLERK :
MS. ODOBI, JANE AND JOHN DOE, :
 :
                 Defendants. :
------------------------------------------------------------ x

**DORA L. IRIZARRY, U.S. District Judge:**

On March 11, 2013, the Court received a Notice of Discontinuance for this action, which appeared to have been signed by *pro se* plaintiffs Charles George ("George") and Leelawattie Singh ("Singh," and together with George, "Plaintiffs"). (Docket Entries No. 6, 7.) By Electronic Order dated March 18, 2013, the Court so ordered the Notice of Discontinuance, dismissed the action, and directed the Clerk of the Court to close the case. One week later, on March 25, 2013, George filed a motion for reconsideration, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking reversal of the Court's March 18, 2013 dismissal order.[1] (*See generally* Mot. for Reconsideration, Docket Entry No. 9.) The substance of George's motion reads as follows:

> For some reason unknown to Petitioner the Court claimed voluntary dismal on my part. I did no such thing. Defendants by way of Fraud again, is violating my rights by using Fraud and telling the Court that I voluntary dismissed my

---

[1] As George is proceeding *pro se*, his submission is held to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, therefore, construes George's submissions liberally and interprets the pleadings as raising the strongest arguments they suggest. *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006).

> complaint against them which I did not. Defendants have my money under guise of law. They committed fraud which is spelled out in the original Complaint. I am harmed as I am out my money that was given to them. Money they are legally unentitled too. The Court of Appeals 2nd Circuit has rule Fraud, misrepresentation on the part of Defendants is grounds for reconsideration and reversal of. . . . [I request that] [m]y case be put back on the Calendar, and the dismal action be reversed as to Charles George. I never voluntary agreed to dismiss anything.

(*Id.* at 3.)

The standard for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The decision to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted). As further detailed below, the claims advanced in George's complaint were meritless; therefore, George's motion for reconsideration provides no controlling decision or data to warrant reversal of the Court's March 18, 2013 dismissal order. Accordingly, George's motion for reconsideration is denied.

## BACKGROUND

In this case, Plaintiffs alleged that their constitutional rights were being violated in an action pending in New York Supreme Court, Kings County (the "State Action"). Although unclear from the complaint, it appears that defendant Parkshore Health Care, LLC ("Parkshore") commenced the State Action to recover $56,000 for services rendered to one of its former residents, who is now deceased. (Compl. at 3, Docket Entry No. 1.) Because the former resident allegedly made a fraudulent transfer of certain real property to Singh, Parkshore asserted direct claims against Singh to recover the unpaid fees. (*Id.* at 3, 5.) George, who is Singh's husband,

sought to intervene in the State Action on the basis that he previously paid a tax lien of $30,000 on the real property and has more knowledge of the dispute. (*Id.* at 3-6.)

Plaintiffs sought this Court's intervention to compel the state court to: (1) "[s]top dismissing Motion claiming [Plaintiffs] did not show up when [Plaintiffs] did;" (2) "[f]orcing [Plaintiffs] to have hearing and Oral arguments Motions that are not limine, meaning suppression, off the record when [Plaintiffs] state [they] want to be on the record;" (3) "allow[] . . . George . . . to be added as Defendant;" and (4) to stop the state court from proceeding "absent jurisdiction." (Compl. at 2.) Plaintiffs also sought entry of a temporary restraining order and preliminary injunction. (Docket Entry No. 4.) On February 6, 2013, the Court denied Plaintiffs' request for injunctive relief on the basis that Plaintiffs did not demonstrate a likelihood of success on the merits or irreparable harm. (Docket Entry No. 5.)

## **DISCUSSION**

### I. *Younger* Abstention

Plaintiffs commenced this action to prohibit the state court from, among other things, dismissing their motions and proceeding absent jurisdiction. Under the *Younger* abstention doctrine, federal courts generally must abstain from adjudicating federal claims that "involve or call into question ongoing state proceedings." *Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)). The Second Circuit has held that *Younger* abstention is appropriate when: "(1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims." *Id.*

3

Here, all three requirements for *Younger* abstention were satisfied. First, the complaint identified an ongoing state court action.[2] Second, the State of New York had an interest in enforcing debtor and creditor law and fraudulent conveyances of real property within its borders. Third, although George is not a named party to the State Action, Courts have consistently recognized that, "where the plaintiffs' interests are so inextricably intertwined that 'direct interference with the state court proceeding is inevitable,' *Younger* may extend to bar the claims of plaintiffs who are not parties to the pending state proceeding." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 82 (2d Cir. 2003). Here, George claimed an interest in the real property that was the subject of the State Action; his interests were so intertwined with those of Singh, his wife, that interference with the State Action would have been inevitable. Moreover, Singh was afforded an adequate opportunity for review of her federal constitutional claims.

## II. Failure to State a Claim

In their complaint, Plaintiffs asserted five claims: (1) three claims pursuant to 42 U.S.C. § 1983; (2) one claim pursuant to 42 U.S.C. § 1985; and (3) one claim pursuant to 18 U.S.C. §§ 241 and 245. Even if *Younger* abstention were not applicable, the complaint failed to state a claim upon which relief may be granted.

First, although a party may bring a claim alleging a constitutional violation pursuant to Section 1983, such a claim "addresses only those injuries caused by state actors or those acting under color of state law." *Spear v. Town of West Hartford*, 954 F.2d 63, 68 (2d Cir. 1992). "A private defendant may be held liable only as a willful participant in joint activity with the State or

---

[2] George's motion for reconsideration does not suggest that the State Action is no longer pending. *See Chalasani v. Daines*, 2011 WL 4465408, at *2 n.4 (E.D.N.Y. Sept. 26, 2011) ("A state proceeding remains 'pending' until plaintiff 'exhaust[s] all available state appellate remedies.'"

its agents." *Id.* (citation and quotation marks omitted). Parkshore and the law firm representing it in the State Action are private entities. Plaintiffs' complaint contained no allegations from which it could be reasonably inferred that Parkshore and its counsel acted under color of state law. Furthermore, Plaintiffs' Section 1983 claim against Ms. Odobi, a law clerk in Supreme Court, would not be viable due to judicial immunity. *See Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988) (holding that judicial immunity extends to law clerks where they are assisting judges in performing judicial functions).

Second, under Section 1985, a plaintiff must demonstrate: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right of a citizen of the United States." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). In addition, "the conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action." *Id.* at 1088 (citation and quotation marks omitted). Here, Plaintiffs failed to allege any facts to plausibly suggest the existence of a conspiracy or racial or class-based animus.

Third, "[i]t is well-settled that there is no private right of action under federal criminal statutes such as 18 U.S.C. §§ 241, 242, or 245." *Solomon v. Human Servs. Coalition of Tompkins Cnty., Inc.*, 2011 WL 2134533, at \*3 (N.D.N.Y. Mar. 4, 2011) (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994)).

---

(quoting *Kirschner v. Klemons*, 225 F.3d 227, 234 (2d Cir. 2000)).

## CONCLUSION

For the reasons stated above, George's motion for reconsideration is denied and this action remains dismissed. Although the filing fee was paid to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       August 28, 2013

                                          _____/s/_____
                                            DORA L. IRIZARRY
                                       United States District Judge